**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDRE CAMPBELL and JEANNETTE PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC., *et al.*,<br><br>Defendants. | Civil Action No. 25-18850 (JXN)(AME)<br><br>**OPINION** |

**NEALS**, District Judge

As *pro se* Plaintiffs Andre Campbell ("Campbell") and Jeannette Phillips ("Phillips") (collectively, "Plaintiffs") left a Secaucus Walmart on November 7, 2025, six employees[1] called the police. They reported Campbell stole items and threatened to shoot a staff member. Secaucus police arrested Plaintiffs soon after. Campbell was charged with shoplifting and robbery, but later pled guilty to a lesser offense. Phillips was never charged.

Plaintiffs, who deny Campbell stole or threatened an employee, sued Walmart, Inc.[2] ("Walmart") (with Employees, "Defendants") for false arrest. Plaintiffs moved to remand.[3] (ECF Nos. 5–6.) Walmart then moved for judgment on the pleadings.[4] (ECF No. 13.) Later, Plaintiffs

[1] Shawn Simms, Raul Parra, Virgina Monte Baezagra, Marciela Diaz-Amaya, Angel Hernandez (improperly pled as "Angle Hernandez"), and Gabriela Rivera (collectively, "Employees").

[2] Improperly pled as "Walmart" and "Wal-Mart."

[3] To which Walmart opposed (ECF No. 10), Defendants supplementally opposed (ECF No. 67), and Plaintiffs replied (ECF No. 69).

[4] To which Plaintiffs opposed (ECF Nos. 14–15), and Walmart replied (ECF No. 25).

filed an amended complaint to add the Employees (ECF No. 16), which Defendants moved to dismiss.[5] (ECF No. 29).

The Court has jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[6] 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion to remand (ECF Nos. 5–6) is **DENIED**; Walmart's motion for judgment on the pleadings (ECF No. 13) is **GRANTED**; and Defendants' motion to dismiss (ECF No. 29) is **GRANTED**. The Complaint (ECF No. 1-1) and Amended Complaint (ECF No. 16) are **DISMISSED *with prejudice*** as to Campbell and ***without prejudice*** as to Phillips.

## I. BACKGROUND

### A. Statement of Facts

Plaintiffs allege that, on November 7, 2025, Walmart and its Employees falsely accused Plaintiffs of shoplifting, robbery, and threatening the Employees with a gun. (*See* Compl. at *2,[7] ECF No. 1-1.) Plaintiffs claim Defendants' false assertions led Secaucus police to falsely arrest Plaintiffs. (*Id.*) During the arrest, officers pointed "[eight] plus guns" at Plaintiffs. (*Id.*)

After his arrest, Campbell was charged with one count of shoplifting, in violation of N.J.S.A. 2C:20-11(b)(2), and one count of robbery, in violation of N.J.S.A. 2C:15-1(a)(2). *See State v. Andre R. Campbell*, No. W-2025-580 (Secaucus Mun. Ct. Nov. 7, 2025).[8] The robbery

[5] To which Plaintiffs opposed (ECF Nos. 30–31), and Defendants replied (ECF No. 32).

[6] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[7] Pincites preceded by an asterisk (*) use ECF pagination.

[8] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court,

charge was later downgraded to theft by unlawful taking, in violation of N.J.S.A. 2C:20-3(a). *Id.* On February 4, 2026, Campbell pled guilty to entering a store with the intent to commit an offense, in violation of Secaucus Ordinance 94-1. *See State v. Andre R. Campbell*, No. W-2025-580 (Secaucus Mun. Ct. Feb. 4, 2026). As part of Campbell's plea agreement, the theft charge was dismissed and he paid a $340 fine. *Id.* It is unclear from the record whether Phillips was ever charged in connection with the alleged shoplifting.

### B. Procedural History

Plaintiffs sued Walmart for false arrest in New Jersey Superior Court on November 12, 2025. (*See* Compl.) Walmart timely removed to this Court (*see* Notice of Removal, ECF No. 1), and filed an answer on December 25, 2025 (*see* Answer, ECF No. 4). Thereafter, Plaintiffs moved to remand. (*See* Mot. to Remand, ECF Nos. 5–6.[9]) Walmart opposed. (*See* Walmart Opp'n to Remand, ECF No. 10.)

Walmart moved for judgment on the pleadings pursuant to Rule 12(c) on February 10, 2026. (*See* Mot. J. Pleadings ("MJP"), ECF No. 13.) Walmart argues Plaintiffs cannot state a false arrest claim because Walmart did not arrest Plaintiffs. (Walmart MJP Moving Br. at 5–6, ECF No. 13-1.) Further, Walmart asserts the New Jersey Uniform Public Expression Protection Act ("UPEPA"), N.J.S.A. 2A:53A-49, *et seq.*, bars Plaintiffs from suing Walmart employees for calling the police. (*Id.* at 6–8.) Plaintiffs opposed (*see* Pls.' Opp'n to MJP, ECF Nos. 14–15), and Walmart replied (*see* Walmart MJP Reply, ECF No. 25).

---

accordingly, may consider Campbell's "state court proceedings, which are a matter of public record." *McDonald v. Jones*, 427 F. App'x 84, 85 n.1 (3d Cir. 2011).

[9] Plaintiffs informally requested the Court remand this matter. (*See* Text Order, ECF No. 7.) The Court directed the Clerk file the informal applications as a motion to which Walmart could respond in the normal course. (*Id.*) Because Plaintiffs' one request spans two filings, the Court treats both as one motion.

The day after Walmart moved for judgment on the pleadings, Plaintiffs filed an amended complaint. (*See* Am. Compl., ECF No. 16.) The Amended Complaint adds as defendants the Employees who allegedly called the police but offers no new factual allegations. (*Id.*) Defendants moved to dismiss the Amended Complaint for the same reasons articulated in Walmart's motion for judgment on the pleadings. (*See* Defs.' Mot. to Dismiss ("MTD"), ECF No. 29; Defs.' Moving Br., ECF No. 29-1.) Plaintiffs opposed (*see* Pls.' Opp'n to MTD, ECF Nos. 30–31), and Defendants replied (*see* Defs.' MTD Reply, ECF No. 32).

After Plaintiffs filed the Amended Complaint, Magistrate Judge Espinosa directed Walmart to file a supplemental brief addressing the effect of the Amended Complaint on the Court's jurisdiction and Plaintiffs' remand motion. (*See* Text Order on Supp. Br., ECF No. 61.) Walmart filed a supplemental brief (*see* Walmart Supp. Br., ECF No. 67), and Plaintiffs replied (*see* Pls.' Supp. Reply, ECF No. 69).

## II. LEGAL STANDARD

### A. Motions to Remand

28 U.S.C. § 1441(a), the federal removal statute, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts "strictly" construe the removal statute "against removal," *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004), and resolve all doubts "in favor of remand," *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The removing party has the burden of showing the Court has subject

matter jurisdiction. *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020).

**B. Motions to Dismiss/For Judgment on the Pleadings**

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." Rule 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." A Rule 12(c) motion "is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revell v. Port Auth. of NY, NJ*, 598 F.3d 128, 134 (3d Cir. 2010)).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must have "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman*, 873 F.3d at 417–18 (noting that, on a 12(c) motion, "a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party."). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v.*

*Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The Court affords "greater leeway to *pro se* litigants" like Plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). But this flexibility has limits. *Id.* at 245. *Pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Id.* And "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## III. DISCUSSION

### A. The Court Reads the Complaint and Amended Complaint Together

Plaintiffs did not properly amend their Complaint under Rule 15. A plaintiff may amend their complaint once without leave of court within (a) twenty-one days after serving the complaint; or (b) twenty-one days after the defendant files a responsive pleading or a motion under Rules 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff may amend their complaint only with leave of Court or the opposing party's consent. Fed. R. Civ. P. 15(a)(2). Walmart answered the Complaint on December 29, 2025 (*see* Answer), meaning Plaintiffs could file an amended complaint without leave of court before January 19, 2026. *See* Fed. R. Civ. P. 15(a)(1). Plaintiffs waited until February 11, 2026 to amend the Complaint. (*See* Am. Compl.) To do so, Plaintiffs needed leave of Court or Walmart's consent. *See* Fed. R. Civ. P. 15(a)(2). Plaintiffs sought neither.

The Court could disregard the Amended Complaint as improperly filed. But the Court declines to do so. Plaintiffs "clearly intended to supplement the original Complaint rather than replace it." *Petrossian v. Collins*, No. 11-4882, 2011 WL 5920764, at *1 n.1 (D.N.J. Nov. 22,

2011), *as amended* (Dec. 7, 2011), *aff'd,* 479 F. App'x 409 (3d Cir. 2012). As the Court construes *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court reads the Complaint and Amended Complaint together, and collectively refers to both pleadings as the "Amended Complaint," *Petrossian*, 2011 WL 5920764, at *1 n.1.

**B. The Court Has Subject Matter Jurisdiction Over This Action**

Federal courts have "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only hear cases where "authorized by Constitution and statute." *Id.* The burden of proving jurisdiction "rests upon the party asserting jurisdiction." *Id.*

Walmart, as the party who asserted jurisdiction, argues 28 U.S.C. § 1332(a) allows the Court to hear this case. Under § 1332(a), federal courts may hear matters between citizens of different states where the amount in controversy exceeds $75,000. An individual is a citizen of the state where they live. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing 28 U.S.C. § 1332(c)). A corporation is a citizen of both (1) the state in which it is incorporated and (2) the state where it has its principal place of business. *Id.* The citizenship of an LLC or limited partnership "is determined by the citizenship of its members." *Id.* at 420. If the amount in controversy is alleged in good faith, the Court accepts it unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Here, both Plaintiffs live in New York. (*See* Compl.) The six Employees live in New Jersey. (*See* Walmart Supp. Br. at 5.) Walmart is a Delaware corporation principally doing business in Arkansas. (*See* Notice of Removal at 2.) So, the parties are diverse. And Plaintiffs expressly seek $80,000 in damages. It does not appear legally certain Plaintiffs will recover less. Because § 1332(a) confers jurisdiction over this action, Plaintiffs' motion to remand is **DENIED**.

### C. The Amended Complaint Fails to State a False Arrest Claim

#### *i. Campbell Pled Guilty*

To state a false arrest claim, the plaintiff must show (1) "an arrest" (2) made without "proper legal authority or legal justification." *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (2009). "While the false arrest plaintiff need not prove the arrester's lack of probable cause, the existence of probable cause is a defense which will nevertheless defeat the action." *Carollo v. Supermarkets Gen. Corp.*, 251 N.J. Super. 264, 269 (App. Div. 1991). False arrest claims "necessarily fail if probable cause existed for any one of the crimes charged against the arrestee." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016).

While police arrested Campbell for the alleged shoplifting, he pled guilty to a lesser offense. *See State v. Andre R. Campbell*, No. W-2025-580 (Secaucus Mun. Ct. Feb. 4, 2026). But a guilty plea "inherently include[s] an acknowledgement that probable cause existed to arrest [the plaintiff] for *some* offense." *Fields v. City of Pittsburgh*, 714 F. App'x 137, 140 (3d Cir. 2017). And "a guilty plea—even one for a lesser offense—does not permit a later assertion of no probable cause." *Walker v. Clearfield Cnty. Dist. Att'y*, 413 F. App'x 481, 483 (3d Cir. 2011). Therefore, Campbell's guilty plea "acknowledge[s] that probable cause existed" for his arrest. *Fields*, 714 F. App'x at 140. So, his false arrest claim "necessarily fail[s]." *Dempsey*, 834 F.3d at 477. Campbell, accordingly, is **dismissed *with prejudice*** from this action.

#### *ii. The Amended Complaint is Defective as to Phillips*

Next, the Court analyzes the Amended Complaint to the extent it raises claims for Phillips. The Court finds two deficiencies, each warranting dismissal.

First, Phillips did not sign the Amended Complaint. Rule 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's

name--or by a party personally if the party is unrepresented." Likewise, the Court "*must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* (emphasis added). Because Phillips did not sign the Amended Complaint, the Court "has no means of establishing that [she] ha[s] any claims or experienced any circumstances similar to those of [Campbell]." *Gary v. Albino*, No. 10-886, 2010 WL 2546037, at *4 n.4 (D.N.J. June 21, 2010).[10]

Campbell's signature does not cure the deficiency. Non-lawyers cannot represent other parties in federal court. *See Yoder v. Dist. Att'y Montgomery Cnty.*, 790 F. App'x 478, 481 (3d Cir. 2019). Accordingly, Campbell may not file the Amended Complaint or otherwise proceed on Phillips's behalf. The Court, therefore, **dismisses *without prejudice*** Phillips' claims. *Jabri v. Bank of Am., N.A.*, No. 20-17004, 2021 WL 672934, at *2 (D.N.J. Feb. 22, 2021) (*sua sponte* dismissing claims brought by *pro se* litigant who did not sign complaint).

Second, Phillips fails to state a false arrest claim. As discussed above, Phillips must show (1) she was arrested (2) without "proper legal authority or legal justification." *Leang*, 198 N.J. at 591. A party who "knowingly and substantially instigated, encouraged, or assisted" a false arrest is also liable for false arrest. *Restatement (Third) of Torts: Inten. Torts to Persons* § 11 (2026).[11] "Instigation occurs when a secondary actor knowingly and substantially directs, requests, invites, or incites an intentional tort by the primary actor." *Restatement (Third) of Torts: Inten. Torts to Persons* § 11, cmt. h (2026). "Knowingly providing false information, or incomplete and

---

[10] The Court notes, however, that Phillips wrote to the Court on at least one occasion. (*See* ECF No. 12 at *16.)

[11] Defendants argue they cannot be liable for false arrest because they did not physically arrest Plaintiffs. (*See* Walmart MJP Moving Br. at 5–6.) The Court disagrees. To be sure, "[t]here is little in the way of New Jersey law regarding when a party besides the one who actually detained the plaintiff can be liable." *Wright-Phillips v. United Airlines, Inc.*, No. 20-14609, 2021 WL 1221111, at *14 (D.N.J. Apr. 1, 2021). "Still, in the absence of on-point case law, federal courts can predict with some confidence that the New Jersey Supreme Court would follow the Restatement." *Id.* (citing *Failla v. City of Passaic*, 146 F.3d 149, 157–58 (3d Cir. 1999)). Under the Restatement, a defendant can be liable for instigating another to commit a false arrest. *Restatement (Third) of Torts: Inten. Torts to Persons* § 11 (2026).

misleading information, about the commission of a crime to the police or other legal authorities that purposely or foreseeably results in legal authorities improperly taking a person into custody is sufficient for participation liability." *Id.* "By contrast, providing such authorities with information that the actor reasonably believes to be true about the commission of a crime is not sufficient, even if that information turns out to be false." *Id.*

The Amended Complaint does not plead any facts from which the Court could conclude Defendants provided information to police they knew was false, incomplete, or misleading and (1) Defendants gave that information with the intent for the police to arrest Phillips without probable cause; or (2) providing that information foreseeably caused the police to arrest Phillips without probable cause. Nor do Plaintiffs offer any facts from which the Court could determine that Phillips was arrested without legal justification. At most, the Amended Complaint tenders the threadbare allegation that Plaintiffs were falsely accused of shoplifting. But this is precisely the kind of legal conclusion the Court must disregard on a motion to dismiss. *Davis*, 824 F.3d at 341. Accordingly, Phillips fails to state a false arrest claim upon which relief may be granted, and the Amended Complaint is **dismissed *without prejudice***.[12]

---

[12] Defendants argue UPEPA requires dismissal. Not so.

UPEPA is New Jersey's anti-SLAPP statute. *Paucek v. Shaulis*, 349 F.R.D. 498, 509 (D.N.J. 2025). A SLAPP is a strategic lawsuit against public participation, i.e., a lawsuit "filed to punish, silence, and intimidate defendants exercising their First Amendment rights." *Id.* UPEPA applies to any cause of action based on the defendant's "exercise of the right of freedom of speech or of the press, the right to assembly or petition, or the right of association, guaranteed by the United States Constitution or the New Jersey Constitution, on a matter of public concern." N.J.S.A. 2A:53A-50(b)(3). UPEPA requires dismissal with prejudice if (1) the defendant shows UPEPA applies to a cause of action; (2) the plaintiff fails to show an exception to UPEPA applies; and (3) either: (a) the plaintiff fails to establish a *prima facie* claim on any cause of action in the complaint; or (b) the defendant shows (i) the plaintiff failed to state a claim upon which relief may be granted, or (ii) there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. N.J.S.A. 2A:53A-55.

But UPEPA's standard for dismissal conflicts with federal law. A federal court sitting in diversity applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 91–92 (1938) (Reed, J., concurring). "If a state law or rule 'answer[s] the same question' differently than the federal procedural rule, a federal court must apply the federal rule so long as the federal rule is otherwise constitutional and does not violate the Rules Enabling Act." *Paucek*, 349 F.R.D. at 510 (alterations in original) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010)). UPEPA's requirement that the plaintiff establish a *prima facie* case "[u]nquestionably" conflicts with the Federal Rules. *Id.* Rule 12(b)(6) requires only that plaintiff plead their claims

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (ECF Nos. 5–6) is **DENIED**; Walmart's motion for judgment on the pleadings (ECF No. 13) is **GRANTED**; and Defendants' motion to dismiss (ECF No. 29) is **GRANTED**. The Complaint (ECF No. 1-1) and Amended Complaint (ECF No. 16) are **DISMISSED *with prejudice*** as to Campbell and ***without prejudice*** as to Phillips. Phillips shall have forty-five (45) days to file and sign an amended pleading addressing the deficiencies identified herein. If Phillips fails to timely file and sign an amended pleading, dismissal shall be with prejudice.

**DATED: 8/25/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

adequately to survive dismissal. "It is the *defendant*'s burden under Rule 12 to show that she has failed to do so." *Id.* at 512. UPEPA puts the burden on the plaintiff. And a *prima facie* showing "is more than required under the Federal Rules" at the motion to dismiss stage. *Id.* Moreover, UPEPA allows a court to consider "any evidence that could be considered in ruling on a motion for summary judgment." N.J.S.A. 2A:53A-54. Rule 12 expressly limits courts to the four corners of the complaint, exhibits attached to the complaint, matters of public record, and judicially noticeable documents. *Schmidt*, 770 F.3d at 249. Accordingly, the Court uses the Rule 12(b)(6) standard, not UPEPA's.

In any event, Defendants fail to show how UPEPA applies to this lawsuit. UPEPA applies only where a plaintiff bases a cause of action on a defendant's constitutionally protected speech "on a matter of public concern." N.J.S.A. 2A:53A-50(b)(3). Whether speech involves a matter of public concern depends on "the content, form, and context of the speech." *Senna v. Florimont*, 196 N.J. 469, 495 (2008). Defendants do not explain how calling the police, by and of itself, implicated a matter of public concern. This is critical. The New Jersey Supreme Court has "never suggested that" an allegation of criminal conduct, "in itself, vaults the public concern threshold." *W.J.A. v. D.A.*, 210 N.J. 229, 245 (2012). Further, Defendants identify no case law for their assertion that calling the police constitutes petitioning the government for redress. Without more, the Court cannot conclude UPEPA applies to the Amended Complaint.